PAUL THOMAS CLARK
Idaho State Bar No. 1329
CLARK and FEENEY LLP
darla@clarkandfeeney.com
1229 Main Street
P.O. Drawer 285
Lewiston, ID 83501
Telephone: (208) 743-9516
Facsimile: (208) 746-9160
Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADAM F. ZINK and LAUREN ZINK, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>ST. LUKE'S HEALTH SYSTEM, LTD., a corporation licensed to do business in the state of Idaho; SELECTHEALTH, INC., a corporation licensed to do business in the state of Utah; and JOHN DOES 1-4 whose real names are unknown,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**<br><br>**AND**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, the above-named Plaintiffs, Adam F. Zink and Lauren Zink, by and through their attorney, Paul Thomas Clark of the law firm Clark and Feeney, LLP, for their cause of action and claim for relief against Defendants, St. Luke's Health System, Ltd., SelectHealth, Inc., and John Does 1-4 whose real names are unknown, claim, state, and allege as follows:

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL - 1**

## I. PARTIES

1. Plaintiffs, Adam F. Zink and Lauren Zink, are, and at all times relevant to this action, husband and wife, and are residents of Oregon, residing at 41416 Pocahontas Road, Baker City, Oregon 97814.

2. At all relevant times, the Defendant, St. Luke's Health System, Ltd., is an Idaho corporation with its principal place of business at 190 E. Bannock St., Boise, Idaho 83712. It is duly authorized to transact business within the State of Idaho and is in fact transacting business within the state of Idaho as it owns and operates numerous medical offices and centers. It is also a large employer of Idaho residents.

3. At all relevant times, the Defendant, SelectHealth, Inc., is a Utah corporation with its principal place of business at 381 Green St. Murray, Utah 84123. It is duly authorized to transact business within the State of Idaho and is in fact transacting business within the State of Idaho and offers health insurance policies to Idaho residents, providers, and medical entities.

4. The true names of Defendants identified as John Does 1 through 4 are unknown at this time, but will be named specifically when said names become known and through discovery, if their identities are discovered, Plaintiffs reserve the right to amend this Complaint and substitute the true and actual names of the John Doe entities as actual parties in this action.

5. At all relevant times, the Defendant, SelectHealth, Inc. sold health and administered the St. Luke's Health System, Ltd. Employee Health Care Plan (herein after referred to as "the Plan") at issue in this case to Defendant St. Luke's Health System, Ltd.

6. At all relevant times, Plaintiff, Adam F. Zink, was insured pursuant to the terms the Plan through his wife, Lauren Zink, who is an employee with Defendant, St. Luke's Health System, Ltd. Plaintiff's wife is the plan participant and he is a beneficiary through her.

7. The Plan is a covered health plan under ERISA, codified at 29 U.S.C. § 1001, et al. See the Plan attached hereto as **Exhibit A** and the Explanation of Benefits Report attached hereto as **Exhibit B**.

8. Benefits coverage under the plan are due under the Plan with Defendant SelectHealth.

9. At all relevant times, Plaintiffs complied with all conditions necessary to receive payments under the Plan and are beneficiaries of said Plan.

## II. JURISDICTION AND VENUE

10. The Court has jurisdiction under 29 U.S.C. § 1001 et seq., particularly Sections 502() and (f) of ERISA 29 U.S.C. § 1132

11. This Court has subject matter jurisdiction under 28 U.S.C. §1332 as Plaintiffs and Defendants are citizens of different states, and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), excluding interest and costs, and there is complete diversity between Plaintiffs and Defendants.

12. This Court has subject matter jurisdiction under 29 U.S.C. § 1132 because Plaintiffs have claims that arise under the Employment Retirement Insurance Security Act (ERISA).

## III. FACTUAL ALLEGATIONS

13. On September 15, 2019, Plaintiff, Adam F. Zink, suffered severe injuries as a result of a motorcycle crash on private property owned by Plaintiff, Adam F. Zink, and his wife, Lauren Zink, located in Baker City, Oregon.

14. Due to the severity of his injuries, Plaintiff, Adam F. Zink, received an emergency helicopter flight from Baker City, Oregon to St. Alphonsus Medical Center in Boise, Idaho.

15. Plaintiff, Adam F. Zink, was treated at St. Alphonsus Medical Center in Boise, Idaho for the injuries he received as a result of the September 15, 2019 crash.

16. At the time of the crash, and at all times relevant to this action, Plaintiff, Adam F. Zink, was a beneficiary of the Defendant St. Luke's Health System, Ltd. Employee Health Care Plan, (herein after referred to as "the Plan") through Plaintiff's wife, Lauren Zink. The Plan is a covered health plan under ERISA, codified at 29 U.S.C. § 1001, et al. *See* the Plan attached hereto as **Exhibit A** and the Explanation of Benefits Report attached hereto as **Exhibit B**.

17. As a beneficiary of the Plan, Plaintiff, Adam F. Zink, was and is entitled to receive insurance benefits for injuries of the nature he suffered during the September 15, 2019 crash.

18. No criminal charges or criminal conviction resulted from the crash or the conduct related to the September 15, 2019 crash.

19. Under Oregon law, it is not illegal to operate a motor vehicle under the influence of alcohol on private premises not open to the public.

20. Under Idaho law, it is not illegal to operate a motor vehicle under the influence of alcohol on private premises not open to the public.

21. Through the Third Party Administrator of the Plan, SelectHealth, Plaintiff, Adam F. Zink, received an Adverse Benefit Determination, and thereby insurance benefits were denied to Plaintiff, Adam F. Zink, by Defendants for expenses related to his September 15, 2019 crash.

**COMPLAINT FOR DAMAGES AND DECLARATORY**
**RELIEF AND DEMAND FOR JURY TRIAL - 4**

22. Plaintiff, Adam F. Zink, was denied benefits by Defendants on grounds that his expenses were excluded under Section IV G(2) and G(28) of the Plan - sections that prohibit contributions when the beneficiary's injuries result from "illegal acts" or "illegal use of alcohol".

23. Plaintiff, Adam F. Zink, was not involved in illegal activities or the illegal use of alcohol at the time of the September 15, 2019 crash.

24. Defendants' denial of benefits was based on hospital records of Plaintiff, Adam F. Zink, obtained by Defendant SelectHealth.

25. Plaintiff, Adam F. Zink's appeal of the denial was submitted to Defendant SelectHealth, Inc., on November 19, 2019, and the rejection of the appeal was received December 19, 2019. *See* the Appeal of Denial attached hereto as **Exhibit C**.

26. On February 18, 2022, a demand letter was sent to Defendant SelectHealth, Inc., on behalf of Plaintiff, Adam F. Zink, seeking benefits coverage for the uncovered medical expenses for Defendant's failure to provide benefits under the Plan. *See* Demand Letter attached hereto as **Exhibit D**.

27. Plaintiff, Adam F. Zink's demand was not an appeal.

28. On February 28, 2022, Defendant SelectHealth, Inc.'s responded indicating "it will take up to thirty (30) days to respond to Plaintiff, Adam F. Zink's demand letter, and if outside medical professionals need to be consulted, then another fourteen (14) days are to be expected on top of the initial response time." *See* Defendant SelectHealth, Inc.'s Response attached hereto as **Exhibit E**.

29. On April 4, 2022 Defendants provided a response to Plaintiff, Adam F. Zink's demand, mis-characterizing it as a "second level appeal," and denying it outright. See Defendants Response Letter attached hereto as **Exhibit F**.

30. Plaintiff, Adam F. Zink, was entitled to the benefits under the Plan despite supposed refutations that Plaintiff, Adam F. Zink, was involved in "illegal acts" or Plaintiff's "illegal use of alcohol".

31. Plaintiff, Adam F. Zink, has been left to pay expenses related to his September 15, 2019 crash alone without his benefits under the Plan, the type, and amounts of which are to be determined at the time of trial.

## IV. LEGAL CLAIMS

### COUNT I - VIOLATION OF ERISA

32. Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs.

33. Plaintiff, Adam F. Zink, is, and at all times relevant to this action, was entitled to receive benefits under the St. Luke's Health System Employee Health Care Plan for the types of expenses resulting from the September 15, 2019 crash.

34. The Plan has a general exclusionary clause purporting to exclude benefits coverage for injuries sustained from the illegal use of alcohol, or engaging in illegal acts generally.

35. Plaintiff, Adam F. Zink, was not engaged in illegal acts at the time of his injury on September 15, 2019.

36. Plaintiff, Adam F. Zink, was operating a motorcycle on private premises that were not open to the public.

**COMPLAINT FOR DAMAGES AND DECLARATORY**
**RELIEF AND DEMAND FOR JURY TRIAL - 6**

37. Under Oregon law, it is not illegal to operate a motor vehicle under the influence of alcohol on private premises not open to the public.

38. Under Idaho law, it is not illegal to operate a motor vehicle under the influence of alcohol on private premises not open to the public.

39. Defendant SelectHealth is, and at all times relevant to this action, was obligated to not give an Adverse Benefits Determination absent a deniable ground to do so.

40. Defendants, at all times relevant to this action, were obligated to pay policy benefits toward Plaintiff, Adam F. Zink's expenses that have resulted from the September 15, 2019 crash.

41. Defendants refuse provide policy benefits to which Plaintiffs are entitled to.

42. Plaintiff, Adam F. Zink, is left with the burden of bearing his medical related expenses entirely personally, the amount and type of said expenses is to be proven at trial.

## COUNT II - BREACH OF CONTRACT

43. Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs.

44. Plaintiff, Adam F. Zink, is, and at all times relevant to this action was the beneficiary of the St. Luke's Health System Employee Health Care Plan.

45. Defendant St. Luke's is, and at all times relevant to this action was obligated to make contributions as benefits for the medical related expenses of Plaintiff, Adam F. Zink.

46. Defendant St. Luke's has refused to make contributions toward the medical related expenses of Plaintiff, Adam F. Zink.

47. Plaintiff, Adam F. Zink, as a third party beneficiary of the Plan has a *jus quaesitum tertio* right to bring an action for the enforcement of the Plan agreement.

**COMPLAINT FOR DAMAGES AND DECLARATORY**
**RELIEF AND DEMAND FOR JURY TRIAL - 7**

48. Plaintiff, Adam F. Zink, has endured the brunt of medical expenses personally, in an amount and type to be proven at trial.

## COUNT III - DECLARATORY JUDGMENT

### WHETHER ST. LUKE'S HEALTH SYSTEM EMPLOYEE HEALTH CARE PLAN'S CONTRACTUAL LIMITATION PROVISION IS VOID BECAUSE IT IS IN VIOLATION OF IDAHO CODE 29-110(1)

49. Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs.

50. There exists an actual controversy and justiciable issue between Plaintiffs and Defendants within the meaning of the Idaho Declaratory Judgment Act, Idaho Code §§10-1201 through 10-1214.

51. The Idaho Declaratory Judgment Act provides the Court may issue a declaratory judgment adjudicating the rights and other legal relations of Plaintiffs.

52. The justiciable issue is whether Defendant, through its "St. Luke's Health System Employee Health Care Plan," has the legal authority to shorten the statute of limitations available to Plaintiffs under the laws of the State of Idaho to bring a claim against Defendant for Breach of Contract, regarding the same.

53. Idaho Code 5-216 is the statute that outlines the statute of limitations on written contracts. It states, "[w]ithin five (5) years: An action upon any contract, obligation or liability founded upon an instrument in writing.

54. Idaho Code 29-110 (1) provides that "[e]very stipulation or condition in a contract, by which any party thereto is restricted from enforcing his rights under the contract in Idaho

tribunal, or which limits the time within which he may thus enforce his rights, is void as it is against the public policy of Idaho.

## V. ADDITIONAL CLAIMS

55. The process of discovery is ongoing in this action, Plaintiffs reserve the right to add, modify, amend, and remove claims as necessary in the pursuit of ensuring Plaintiffs' rights.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for a Judgment against Defendants as follows:

56. For a judgment against Defendant, St. Luke's Health System, for payment of benefits due under the Employee Health Care Plan in accordance with Plaintiffs' claims.

57. For a judgment against Defendants, SelectHealth, for payment of benefits due under the Policy and pursuant to ERISA § 502 (a)(1)(B).

58. For an award of any equitable remedies available to a plaintiff under ERISA § 502(a)(3).

59. For an award of prejudgment interest.

60. For an award of an amount equal to Plaintiffs' costs and attorneys fees incurred in prosecuting this action pursuant to 29 U.S.C. § 1132(g)(1)

61. For an award for such other, further and general relief to which Plaintiffs may be entitled, and that which this Court may find just and equitable.

DATED this 16 day of August, 2022.

CLARK and FEENEY, LLP

By: _____
Paul Thomas Clark, a member of the firm.
Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF AND DEMAND FOR JURY TRIAL - 9

STATE OF OREGON    )
                   ) ss.
County of Baker    )

ADAM F. ZINK, being first duly sworn on oath, deposes and says:

That he is one of the Plaintiffs above named, that he has read the foregoing complaint, and the contents thereof and the facts stated therein are true to the best of his knowledge, information and belief.

_____
ADAM F. ZINK

SUBSCRIBED and SWORN to before me, this 15 day of August, 2022.

_____
Notary Public in and for the State of Oregon
Residing at: 1990 Washington Ave Baker City, OR
My commission expires: 6/27/25

OFFICIAL STAMP
QUINN ROY ANDERSON
NOTARY PUBLIC - OREGON
COMMISSION NO. 1013883
MY COMMISSION EXPIRES JUNE 27, 2025

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial of all issues in this cause and state pursuant to Rule 38(b) of the Federal Rules of Civil Procedure; that Plaintiffs will not stipulate to a jury of less than twelve (12) persons in number.

DATED this 16 day of August, 2022.

CLARK and FEENEY, LLP

By_____
Paul Thomas Clark, a member of the firm.
Attorney for Plaintiff.

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL - 10