UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADAM F. ZINK and LAUREN ZINK, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>ST. LUKE'S HEALTH SYSTEM, LTD., a corporation licensed to do business in the Idaho; SELECTHEALTH, INC., a corporation licensed to do business in Utah; and JOHN DOES 1-4, whose real names are unknown,<br><br>Defendants. | Case No. 1:22-cv-00359-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant SelectHealth, Inc's Motion to Dismiss Plaintiffs' Complaint (Dkt. 21) and Defendant St. Luke's Health System, Ltd.'s Motion to Dismiss Plaintiffs' Complaint (Dkt. 26). Under Idaho Local District Rule 7.1(d)(1)(B), the Court finds oral argument is not necessary to resolve these matters. *See also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). As discussed below, the Court grants in part and denies in part Defendants' motions.

## II. BACKGROUND

Lauren Zink is an employee of St. Luke's and is enrolled in St. Luke's Health System Employee Health Care Plan (the Plan). (Dkt. 1 at ¶ 6). SelectHealth is the Plan's third-party administrator. The Plan provides for internal review of an adverse benefits determination. (Dkt. 1-1 at p. 74). After a claimant exhausts those procedures, the Plan provides the claimant may file a lawsuit within two years after the final determination of an appeal. (*Id.*). Specifically, the Plan

provides that "if a lawsuit is brought, it must be filed within two (2) years after the final determination of an Appeal." (*Id.*).

Lauren's husband, Adam Zink, is a beneficiary of the Plan. (Dkt. 1 at ¶¶ 6, 16). On September 15, 2019, Adam was riding a motorcycle on his private property in Oregon. (*Id.* at ¶ 13). He crashed, suffered severe injuries, and was flown to a hospital in Idaho for treatment. (*Id.* at ¶ 14). As a beneficiary of the Plan, Adam sought coverage for the cost of his healthcare due to the crash.

On October 31, 2019, SelectHealth denied the claim by providing Adam with an Explanation of Benefits, which served as SelectHealth's initial denial of Adam's claim. (*Id.* at ¶ 16; Dkt. 1-2; Dkt. 28 at p. 2). This initial denial was forty-seven pages long, and on the forty-sixth page, it stated that "at any point after the final appeal decision you may choose to pursue a civil action under section 502(a) of [the Employment Retirement Income Security Act (ERISA)] or under other federal or state law as applicable." (Dkt. 1-2 at p. 46). The initial denial did not mention the Plan's two-year limitation on seeking judicial review.

Thereafter, Adam appealed SelectHealth's initial denial of his claim, (Dkt. 1 at ¶ 25), and on December 19, 2019, SelectHealth denied the appeal, explaining that Adam's blood alcohol level was above the legal limit when he crashed and that the Plan did not cover "services to treat conditions that are related to illegal activities." (Dkt. 1-3 at p. 2). SelectHealth's denial on review stated it was "the final internal adverse benefit determination [concluding] the formal appeals process." (*Id.* at p. 3). Further, the final denial stated that Adam could "request a second review of the appeal"; he must make such a request within sixty days of the final determination; but such a review was "voluntary" and "not required by the Plan before [he] pursue judicial review." (*Id.*).

Like the initial denial, the final denial did not mention the Plan's two-year limitation on seeking judicial review.

On February 18, 2022, the Zinks' counsel wrote SelectHealth, requesting it reconsider its decision denying coverage and demanding it provide coverage under the Plan. (Dkt. 1-4 at p. 2). On April 4, SelectHealth informed counsel the request for reconsideration was an untimely request for a second review of an appeal. (Dkt. 1-6). Thereafter, on August 17—more than two years after SelectHealth's final denial—the Zinks filed this lawsuit against SelectHealth and St. Luke's, asserting three claims for relief. These claims include Count I, alleging Defendants' denial violated ERISA; Count II, alleging breach of contract; and Count III, seeking a declaratory judgment that the Plan's two-year limitation on filing a lawsuit was void under Idaho Code § 29-110. Both SelectHealth and St. Luke's move under Federal Rule of Civil Procedure 12(b) to dismiss all the Zinks' claims. (Dkts. 21, 26).

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides a party may move to dismiss a complaint for lack of subject matter jurisdiction. The Court will grant a motion to dismiss for lack of subject matter jurisdiction if the complaint fails on its face to allege facts sufficient to establish subject matter jurisdiction. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). If a plaintiff lacks standing under Article III of the United States Constitution, then the court lacks subject matter jurisdiction and must dismiss the case. *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 101-02 (1998).

Federal Rule of Civil Procedure 12(b)(6) provides a party can move to dismiss a complaint if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint and generally asserts the defendant is not

liable even if the plaintiff's factual allegations are true. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addressing a motion to dismiss which facially attacks a claim, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The moving party carries the burden of proof. *See, e.g.*, *Bangura v. Hansen*, 434 F.3d 487, 498 (6th Cir. 2006) (ruling court erroneously placed burden on plaintiffs).

Generally, a district court may not consider any materials beyond the pleadings when ruling on a Rule 12(b)(6) motion. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). If, however, the complaint specifically refers to a document and its authenticity is not questioned, a court may properly consider the document. *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *rev'd on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). In this case, the Zinks attached to their complaint several documents which are central to their claims including Exhibit A, the Plan; Exhibit B, SelectHealth's October 31, 2019, initial denial; and Exhibit C, SelectHealth's December 19, 2019, final denial. (Dkts. 1-1, 1-2, 1-3). Because the parties do not dispute these documents' authenticity, the Court considers them in resolving Defendants' Rule 12(b)(6) motions without converting those motions into summary judgment motions.

When the district court grants a motion to dismiss, there is a presumption the suit will be dismissed without prejudice so the plaintiff can rectify his complaint. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *see also In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004) (courts should decide cases based on merits, not technicalities). If additional factual allegations would not cure the complaint, however, the court should dismiss the suit with prejudice. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

## IV. ANALYSIS

### A.     Abandonment of Counts II and III

The Zinks failed to respond to some of Defendants' challenges asserted in support of their motions to dismiss. When a party fails to present arguments in its brief, a court may consider those arguments abandoned. *See Malik v. City of N.Y.*, 841 F. App'x 281, 284 (2d. Cir. 2021) (holding when a party does not adequately present arguments in a brief, a court may properly consider those arguments abandoned); *see also Walsh v. Nevada Dep't of Human Resources*, 471 F.3d 1033, 1037 (9th Cir. 2006) (noting plaintiff who fails to raise issue in response to motion to dismiss has effectively abandoned his claim); *Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (noting plaintiff abandoned claims by not opposing defendant's motion for summary judgment). Further, a court may infer from a party's partial opposition that the claims the party does not defend are abandoned. *Malik*, 841 F. App'x at 284. When a defendant moves to dismiss a claim and the plaintiff does not defend that claim, a court should dismiss the claim with prejudice. *See, e.g.*, *Homsy v. Bank of Am., N.A.*, No. C13-01608 LB, 2013 WL 2422781, at *5 (N.D. Cal. June 3, 2013) ("In instances where a plaintiff simply fails to address a particular claim in his opposition to a motion to dismiss that claim, courts generally dismiss it with prejudice.") (citation omitted); *Qureshi v. Countrywide Home Loans, Inc.*, No. C 09-4198 SBA, 2010 WL 841669, at *6 n.2 (N.D. Cal. Mar. 10, 2010) (dismissing with prejudice claims defendant did not defend).

In this case, both SelectHealth and St. Luke's assert ERISA preempts Count II for breach of contract and Count III for declaratory judgment. Specifically, they argue Section 514(a) of ERISA preempts state law claims relating to an employee benefit plan. 29 U.S.C. § 1144(a). (Dkt. 21-1 at pp. 4-6; Dkt. 26-1 at pp. 4-6). As SelectHealth notes, in determining if ERISA preempts a claim, "the focus is whether the claim is premised on the existence of an ERISA plan and whether

the existence of the plan is essential to the claim's survival." (Dkt. 21-1 at p. 5) (citing *Oregon Teamster Employers Trust v. Hillsboro Garbage Disposal, Inc.*, 800 F.3d 1151, 1155 (9th Cir. 2015)). SelectHealth asserts ERISA preempts both Counts II and III because they are premised on the Plan, which is essential to their survival. (Dkt. 21-1 at p. 5). Similarly, St. Luke's notes ERISA preempts Counts II and III because "the entire theory of [these counts] 'revolves around the denial of benefits.'" (Dkt. 26-1 at pp. 4-5) (citing *Tingey v. Pixley-Richards W., Inc.*, 953 F.2d 1124, 1131 n.2 (9th Cir. 1992)).

The Zinks fail to respond to Defendants' preemption arguments. Accordingly, the Court infers the Zinks do not oppose those arguments, concludes the Zinks have abandoned Counts II and III, and dismisses those counts with prejudice. Additionally, St. Luke's argues in support of its motion that Lauren lacks standing to challenge the denial of Adam's benefits because she is not a claimant in this case. (Dkt. 26-1 at pp. 9-10). The Zinks do not respond to this argument either. Accordingly, the Court dismisses with prejudice all counts as they relate to Lauren. As a result, the only remaining claim is Adam's Count I, alleging SelectHealth violated ERISA by denying coverage of the cost of his healthcare related to his September 2019 motorcycle crash. For the reasons discussed below, the Court denies Defendants' motions to dismiss with respect to Count I.

### B.      Notice of Time Limitation to File Lawsuit

Defendants challenge Adam's Count I as time-barred by the Plan's two-year limitation on filing a lawsuit. As noted above, the Plan provides that "if a lawsuit is brought, it must be filed within two (2) years after the final determination of an Appeal." (Dkt. 1-1 at p. 74). Adam does not dispute he filed his complaint more than two years after SelectHealth's December 19, 2019, final denial. Rather, Adam argues the Plan's two-year limitation on filing a lawsuit is unenforceable for lack of adequate notice.

ERISA provides a beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). No federal statute, however, provides a statute of limitation for claims for benefits under an ERISA plan. *Heimsehoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 105 (2013). In the absence of a specified statute of limitation, courts ordinarily apply the most analogous state statute of limitation. *Id.* at 104 (citing *North Star Steel Co. v. Thomas*, 515 U.S. 29, 33-34 (1995)). The parties, however, may contractually agree to a different limitation period, which may be shorter or longer than the analogous state provision. *Heimsehoff*, 571 U.S. at 105-06. A court will enforce an ERISA plan's contractual limitation provision if it is reasonable and no "controlling statute" prevents the provision from taking effect. *Id.* at 107, 109.

ERISA requires a plan administrator to provide written notice of certain information to an employee whose claim for benefits has been denied. 29 U.S.C. § 1133. The Secretary of Labor has promulgated 29 C.F.R. § 2560.503-1, setting forth the "minimum requirements for employee benefit plan procedures pertaining to claims for benefits." 29 C.F.R. § 2560.503-1(a). At issue in this case is 2560.503-1(g). Section 2560.503-1 provides "if a claim is wholly or partially denied, the plan administrator shall notify the claimant, in accordance with paragraph (g) of this section." 29 C.F.R. § 2560.503-1(f)(1). In turn, paragraph (g) provides for the "[m]anner and content of benefit determination." 29 C.F.R. § 2560.503-1(g). In relevant part, paragraph (g) states:

> [T]he plan administrator shall provide a claimant with . . . notification of any adverse benefit determination. . . . The notification shall set forth, in a manner calculated to be understood by the claimant—
> . . . .
> (iv) A description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefits determination on review.

29 C.F.R. § 2560.503-1(g)(1)(iv).

**MEMORANDUM DECISION AND ORDER - 7**

Relying on paragraph 29 C.F.R. § 2560.503-1(g)(1)(iv), Adam argues the Plan's two-year limitation on seeking judicial review is unenforceable because SelectHealth failed to disclose that limitation in its denials. The Ninth Circuit has not yet addressed whether paragraph (g) requires a plan administrator to include a plan's time limits on bringing a civil action in its denials. Relying on authority from other Circuit Courts of Appeal, however, Adam argues the plain language of paragraph (g) required SelectHealth to disclose the two-year limitation in its initial denial. In response, Defendants argue paragraph (g) did not require SelectHealth to inform Adam of the limitation period. In support, they cite the decisions of other district courts in the Ninth Circuit which have concluded paragraph (g) does not require such notification.

At least three circuit courts have addressed whether 29 C.F.R. § 2560.503-1(g)(1)(iv) requires an initial denial of benefits to provide notice of a plan's contractual limitation on bringing a civil action. All of them have held the plain language of paragraph (g) requires such notification. Most recently, the First Circuit reached this holding in *Santana-Diaz v. Met. Life Ins. Co.*, 816 F.3d 172 (1st Cir. 2016). In that case, both MetLife's initial and final denials failed to inform Santana-Diaz of the plan's three-year contractual limitation on a civil action. *Id.* at 175. Relying on the word "including" in paragraph (g), the Court held that "based on the plain language of the regulation . . . the correct interpretation of [§] 2560.503-1(g)(1)(iv) is that a denial of benefits letter must include notice of the plan-imposed time limit for filing a civil action." *Santana-Diaz*, 816 F.3d at 180. The Court reasoned that to conclude otherwise would effectively erase the word "including" from the regulation. *Id.* Further, the Court noted its reading of the regulation was "in keeping with 29 U.S.C. § 1133's purpose of ensuring a fair opportunity for judicial review" and "with ERISA's overall purpose as a remedial statute." *Santana-Diaz*, 816 F.3d at 181; *see also Ortega Candelaria v. Orthobiologics LLC,* 661 F.3d 675, 680 (1st Cir. 2011) ("[The employer]

was required by [29 C.F.R. § 2560.503-1(g)(1)(iv) ] to provide [the employee] with notice of his right to bring suit under ERISA, *and the time frame for doing so,* when it denied his request for benefits." (emphasis added)).

The Third Circuit, likewise, has held that 29 C.F.R. § 2560.503-1(g)(1)(iv) requires a plan administrator to inform a claimant of a plan-imposed time limit for bringing a civil action in *Mirza v. Ins. Adm'r of America, Inc.*, 800 F.3d 129, 134 (3rd Cir. 2015). The Court reasoned:

> For purposes of interpretation, the most important word in the sentence is "including." "Including" modifies the word "description," which is followed by a prepositional phrase explaining what must be described—the plan's review procedures and applicable time limits for those procedures. If the description of the review procedures must "include" a statement concerning civil actions, then civil actions are logically one of the review procedures envisioned by the Department of Labor.

*Id.* (brackets omitted). Further, the Court reasoned that a contrary conclusion would allow plan administrators to "easily hide the ball and obstruct access to the courts"; a claimant is more likely to read a denial letter than a lengthy plan; and requiring a plan administrator to inform a claimant of a judicial review deadline in a denial only "imposes a trivial burden" on the plan administrator. *Id.* at 135-36.

Finally, the Sixth Circuit has held that 29 C.F.R. § 2560.503-1(g)(1)(iv) requires a denial to include the plan's time limit for judicial review in *Moyer v. Metro. Life Ins. Co.*, 762 F.3d 503, 505 (6th Cir. 2014). The Court ruled a denial's failure to include the plan's time limit on a civil action "was inconsistent with ensuring a fair opportunity for review." *Id.* at 507. The Fourth and Fifth Circuits have also indicated agreement with interpreting paragraph (g) as requiring an initial denial letter to include the plan's time limit on bringing a civil action. *See Encompass Off. Sols., Inc. v. Louisiana Health Serv. & Indem. Co.*, 919 F.3d 266, 281-82 (5th Cir. 2019) (declining to disturb district court's conclusion that plan's contractual limitations were unenforceable);

*McGowan v. New Orleans Empl'rs Int'l Longshoremen's Ass'n,* 538 F. App'x 495, 498 (5th Cir. 2013) (finding benefit termination letter substantially complied with 29 C.F.R. § 2560.503-1(g)(1)(iv) by enclosing benefit booklet and specifying pages containing review procedures and time limits and mentioning right to file suit and one-year time limit); *White v. Sun Life Assurance Co. of Canada,* 488 F.3d 240, 247 n.2 (4th Cir. 2007) (emphasizing that right to bring a civil action is integral to full and fair benefit review and that adverse benefit determination letter must include relevant information related to that right), *abrogated on other grounds by Heimeshoff,* 571 U.S. at 108.

Based on these circuit court authorities, this Court concludes SelectHealth's October 31, 2019, initial denial of Adam's claim for benefits failed to comply with 29 C.F.R. § 2560.503-1(g)(1)(iv) by not including notice of the Plan's two-year limitation on filing a lawsuit. Although Defendants are correct that some district courts in the Ninth Circuit have concluded paragraph (g) does not require an initial denial to include the plan's time limitation on filing a civil action, those cases preceded the First, Third, and Sixth Circuits' decisions to the contrary. *See Fontenot v. Intel Corp. Long Term Disability Plan*, No. 3:14-cv-00153-AA, 2014 WL 2871371, at *6 (D. Or. June 24, 2014) (ruling denial complied with paragraph (g) because "[a]ll that is needed to satisfy ERISA is notice that a civil action may be filed upon the exhaustion of administrative remedies"); *Freeman v. American Airlines, Inc. Long Term Disability Plan*, No. CV 13-05161-RSWL-AJW, 2014 WL 690207, at *5 (C.D. Cal. Feb. 20, 2014) (ruling paragraph (g) "does not, on its face, require that [a plan administrator] supply notice of the Plan's two year contractual limitations period for filing a civil action under ERISA").

Following these district court decisions, instead of those of the Ninth Circuit's sister circuits, would hinder uniformity among the circuits in interpreting ERISA law and is contrary to

Congress' expectation of uniformity. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 55 (1987) (noting ERISA is designed to foster uniformity of decision to help administrators, fiduciaries, and participants predict legality of proposed actions without necessity of referring to varying laws); *Scharff v. Raytheon Co. Short Term Disability Plan*, 581 F.3d 899, 908 (9th Cir. 2009) (noting Congress expects uniformity of decisions under ERISA).

Further, contrary to Defendants' argument, an interpretation of 29 C.F.R. § 2560.503-1(g)(1)(iv) as requiring an initial denial to include notice of the Plan's time limitation on civil actions does not conflict with the Ninth Circuit's decision in *Scharff*. In that case, the Ninth Circuit did not interpret paragraph (g). Rather, the plaintiff in *Scharff* conceded the defendant had met all the applicable ERISA disclosure requirements and was not obligated under ERISA to inform her of the deadline. 581 F.3d at 907. Instead, she argued the Ninth Circuit should impose "an additional 'duty to inform' on claims administrators, drawn from a California insurance regulation," which the Court declined to do. *Id.*

Finally, although 29 C.F.R. § 2560.503-1(j)(4)(i) applies to final denials on review[1] and does not reference the time limitations on a civil action like paragraph (g) does, that fact does not cure SelectHealth's failure to include the Plan's two-year limitation on bringing a lawsuit in

---

[1] Paragraph (j) of 29 C.F.R. § 2560.503-1, applies to a determination on review versus the initial denial. *See Midgett v. Wash. Grp. Int'l Long Term Disability Plan*, 561 F.3d 887, 895 (8th Cir. 2009) ("The inclusion of the language 'on review' [in the regulation] differentiates the initial 'adverse benefit determination' from later internal appeals of it."); *Fontenot v. Intel Corp. Long Term Disability Plan*, No. 3:14-cv-00153-AA, 2014 WL 2871371, at *7 (D. Or. June 24, 2014) ("Consistent with the plain language of this regulation, and in order to avoid an absurd result, [subsection (g)] and [subsection (j)] must be read as relating to initial denial correspondences and final denial correspondences respectively.") (citation omitted). Like subsection (g), subsection (j) requires in part that an adverse determination shall include "a statement of the claimant's right to bring an action under section 502(a) of the Act." *Compare* 29 U.S.C. § 2560.503-1(g) *with* § 2560.503-1(j).

**MEMORANDUM DECISION AND ORDER - 11**

SelectHealth's initial denial as paragraph (g) requires. SelectHealth's initial denial is defective under paragraph (g) regardless of whether its final denial complied with paragraph (j).

Because SelectHealth's initial denial letter was defective and the two-year limitation period is unenforceable, Adam requests the Court apply the most analogous state statute of limitation, Idaho Code § 5-216, which provides a five-year limitation on bringing a lawsuit on a written contract. Courts have disagreed on the remedy when a plan's time limitation on a civil action is unenforceable. Some conclude the plan administrator never triggered the limitation. *See, e.g.*, *Santana-Diaz*, 816 F.3d at 184 (noting cases concluding failure to comply with ERISA regulations requiring notice rendered limit "un-triggered"); *White v. Jacobs Engineering Group Long Term Disability Benefit Plan*, 896 F.2d 344, 350 (9th Cir. 1990) ("When a benefits termination notice fails to explain the proper steps for appeal, the plan's time bar is not triggered"). Meanwhile, others conclude—as Adam urges—that the court is to apply the most analogous state statute. *See, e.g., Stacy S. v. Boeing Co. Employee Health Benefit Plan*, 344 F. Supp. 3d 1324, 1336 (D. Utah 2018) (applying analogous state statute of limitation). This Court need not address this difference of opinion, however. Regardless of whether SelectHealth never triggered the Plan's two-year limitation period or whether I.C. § 5-216's five-year statute of limitation applies, Adam's August 17, 2022, complaint in this case was filed within five years of SelectHealth's December 19, 2019, final denial of his claim and complies with I.C. § 5-216, assuming it applies to limit a lawsuit. Accordingly, Count I is subject to judicial review, and the Court denies SelectHealth's and St. Luke's motions to dismiss Count I.[2]

---

[2] Adam alternatively argues the Plan's two-year limitation on this lawsuit is void because the Plan does not contain the limitation. Adam's alternative argument is that Exhibit A contains two separate documents—the Plan and the summary plan description (SPD); only the SPD contains the two-year limitation on bringing a lawsuit; and the limitation is void because the Plan does not include the limitation. Because the Court concludes the Plan's two-year limitation is

### C. Overlength Briefing

As St. Luke's notes, the Zinks filed overlength briefing in opposition to Defendants' motions to dismiss. Idaho Local District Civil Rule 7.1(a)(2) provides that "no memorandum of points and authorities in support of or in opposition to a motion may exceed twenty (20) pages in length . . . without express leave of the Court which will be granted only under unusual circumstances." Contrary to this rule, the Zinks' briefs in opposition to both SelectHealth's motion and St. Luke's motion exceed twenty pages. (*See* Dkts. 28, 30).

Rule 7.1(a) is intended to ensure manageable filings for the Court and to promote "adversarial equilibrium" for the parties. *W. Mortg. & Realty Co. v. KeyBank Nat'l Ass'n*, 2015 WL 13841443, at *2 (D. Idaho Mar. 5, 2015). When a party does not follow the rule, the Court can strike a noncompliant brief. *Id*. In the future, the Court will require compliance with Rule 7.1(a).

### V. CONCLUSION

1. SelectHealth's Motion to Dismiss Plaintiffs' Complaint (Dkt. 21) is GRANTED as to Counts II and III, which are dismissed with prejudice and DENIED as to Count I;

2. St. Luke's Motion to Dismiss Plaintiffs' Complaint (Dkt. 26) is GRANTED as to Counts II and III with prejudice and DENIED as to Count I.

---

unenforceable for failing to comply with 29 C.F.R. § 2560.503-1(g)(1)(iv), the Court need not address Adam's alternative argument. Regardless, the Court rejects the argument because Adam specifically alleges in his complaint that Exhibit A is the Plan. (Dkt. 1 at ¶ 7 ("The Plan is a covered health plan under ERISA . . . . See the Plan attached hereto as **Exhibit A**.")). This allegation is a binding judicial admission that Exhibit A is the Plan. *See American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) ("A statement in a complaint, answer or pretrial order is a judicial admission . . . .").

3. All claims are DISMISSED with prejudice as to Lauren Zink.

DATED: September 06, 2023

*Amanda K. Brailsford*
**Amanda K. Brailsford**
U.S. District Court Judge